UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DOROTHY A. TWO BULLS,<br>FRANCIS TWO BULLS and the<br>OGLALA SIOUX TRIBE,<br><br>　　　　　Defendants. | CIV. 17-5050-JLV<br><br>ORDER |

**INTRODUCTION**

The United States brought this action seeking to foreclose on a loan secured by a mortgage on property held in trust for defendant the Oglala Sioux Tribe ("OST") and leased to defendants Dorothy and Francis Two Bulls. (Docket 20). The United States moved for default judgment and the OST objected. (Dockets 28 & 35). The individual defendants have never made an appearance in this action. Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's standing order of October 16, 2014, the court referred the motion for default judgment to Magistrate Judge Veronica L. Duffy for a report and recommendation ("R&R"). (Docket 43). The magistrate judge rejected the OST's objections, but concluded the motion for default judgment should be denied without prejudice to allow the government to rectify errors in its proposed decree of sale. (Docket 44). The government objects to the R&R in part and proposes a new decree of sale. (Docket 45). The OST did not respond to the government's objections.

The court sustains the government's objections. The R&R is adopted in part and rejected in part. The court enters default judgment in favor of the government, forecloses the individual defendants' leasehold interest, and issues a decree of sale directing the United States Marshal to sell the property.

I. **Facts**

The magistrate judge described the facts of this case in the R&R. (Docket 44 at pp. 2-4). No party objected to the factual recitation and the court adopts it in full.[1] The court adds only a few facts necessary to justify portions of its default judgment and decree of sale. First, the parties agreed that the provisions of South Dakota's One Hundred Eighty Day Redemption Mortgage Act, which provides, as its name suggests, for a 180-day redemption period, governed the mortgage in this case.[2] Docket 20-2 at p. 5; see also SDCL § 21-49-11 et seq. Second, the government, acting through the Department of Housing and Urban Development ("HUD"), commissioned an appraisal of the property, located in Pine Ridge, South Dakota. (Docket 31). The appraiser concluded the property was worth $48,356 on March 13, 2018.

---

[1]Of particular importance for the judgment, the magistrate judge found the individual defendants owed $69,887.89 on the promissory note when the note's owner, Wells Fargo, accelerated the debt in 2008. (Docket 44 at pp. 3-4). The government asks for this amount in its complaint and motion for default judgment. (Dockets 20 at p. 7 & 28 at p. 5).

[2]HUD regulations state a lender must comply with applicable tribal law. 24 C.F.R. § 1005.113. However, neither the government nor the OST suggest OST law governs this foreclosure action. Instead, the government cites South Dakota foreclosure law in its briefing. Because both the mortgage and the government invoke South Dakota law, the court looks to that law in crafting the terms of the foreclosure.

Id. at ¶ 7.   As of the date of the appraisal, the property was occupied by a "Mrs. Two Bulls," presumably referring to defendant Dorothy Two Bulls.   Id. at ¶ 5.

## II.   Plaintiff's Objections

The government raises one implicit and one explicit objection to the R&R. The R&R recommended denying the government's motion for default judgment without prejudice.   (Docket 44 at p. 18).   The government, in what the court construes as an objection, instead asks the court to enter default judgment and proposes an amended decree of sale.   (Docket 45 at p. 4).   The government also objects to the magistrate judge's suggestion that it be required to transfer title to a statutorily qualified owner within 180 days of obtaining title through foreclosure.   (Docket 45 at pp. 2-3).   The OST did not respond to the government's objections.   The court sustains both objections.

The magistrate judge appears to have recommended the court deny the motion for default judgment without prejudice in order to encourage the government and the OST to reach mutually acceptable terms for a proposed judgment and decree of sale.   (Docket 44 at p. 18).   However, the OST gave no indication that it opposed the amendments the government made in the proposed decree of sale it filed with its objections.   The court finds requiring the government to again move for default judgment under these circumstances would not be an efficient use of judicial resources.   The government's implicit objection is sustained.

The government's explicit objection relates to the amount of time needed to sell or otherwise transfer title to the leasehold interest in the property. As the magistrate judge noted, after receiving title through foreclosure, the government may only transfer the leasehold interest to "an eligible tribal member, the tribe, or the Indian housing authority serving the tribe[.]" (Docket 44 at p. 7) (quoting 12 U.S.C. § 1715z-13a(h)(2)). The magistrate judge suggested the court order 15 days for the individual defendants to exercise their right to redeem the property and 180 days for the government to transfer the leasehold to an eligible buyer.[3] Id. at p. 11. The government asserts 180 days is insufficient to ensure an eligible buyer is found. (Docket 45 at pp. 2-3). It recommends a year for the transfer period with the option to petition for additional time. Id. at p. 3.

There appears to be no statute or regulation governing how long the government may possess a foreclosed leasehold interest in trust land. See 12 U.S.C. § 1715z-13a(h)(2); 24 C.F.R. § 1005.107(b)(3). The OST's concern that foreclosure could result in the government possessing the leasehold interest for an unlimited period of time—"effectively preclud[ing] the Tribe . . . from using the leasehold interest—and the underlying trust property—for housing or other purposes"—is well-placed. (Docket 41 at ¶ 9). A limit on the

---

[3]As the magistrate judge noted, the lease between the OST and the individual defendants provided a 15-day redemption period in the event of default on a mortgage secured by the leasehold interest. (Docket 20-5 at ¶ 12). But the mortgage itself provides a 180-day redemption period. (Docket 20-2 at p. 5). The court finds a 180-day redemption period is appropriate.

amount of time the government may possess the leasehold interest is warranted. However, as noted in the appraisal report, the real estate market in Pine Ridge is challenging due to the lack of fee land and the high levels of unemployment. (Docket 31-1 at p. 5). The court agrees with the government that 180 days may be insufficient to transfer the leasehold. The court finds a period of a year to transfer the leasehold is appropriate. If necessary, the government may move for additional time to transfer the leasehold interest upon a showing of the reasons why a year was insufficient to transfer the leasehold.

The government does not object to the other matters the magistrate judge recommended addressing in the proposed judgment and decree of sale and amended its proposal accordingly. See Docket 45-1. The court enters a judgment and decree of sale consistent with the government's proposal.

**ORDER**

For the reasons given above, it is

ORDERED that the government's objections to the magistrate judge's report and recommendation (Docket 45) are sustained.

IT IS FURTHER ORDERED that the report and recommendation (Docket 44) is adopted in part and rejected in part.

IT IS FURTHER ORDERED that the government's motion for default judgment as to defendants Dorothy Two Bulls and Francis Two Bulls (Docket 28) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this order, the judgment and the decree of sale, all filed contemporaneously with this order, to Dorothy and Francis Two Bulls at the following address:

P.O. Box 881
Pine Ridge, South Dakota 57770

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this order, the judgment and the decree of sale, all filed contemporaneously with this order, to the United States Marshal.

Dated February 13, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE